IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01117-NYW

BAXTER CONSTRUCTION COMPANY, LLC,

    Plaintiff,

v.

SF CONSTRUCTION, INC.,

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge Kristen L. Mix entered on June 6, 2023. [Doc. 38]. Judge Mix recommends that default and default judgment be entered against Defendant SF Construction, Inc. ("Defendant" or "SFC") as a sanction for its failure to comply with court orders and its failure to retain counsel in this case. [*Id.* at 3]. No Party has objected to the Recommendation, and the time to do so has lapsed. For the following reasons, the Recommendation is **ADOPTED in part**.

## BACKGROUND

This case arises out of a construction project and a related contract between Plaintiff Baxter Construction Company, LLC ("Plaintiff" or "Baxter") and Defendant. *See generally* [Doc. 1]. Plaintiff initiated this civil action on May 5, 2022, asserting one claim of breach of contract and one claim of breach of the implied duty of good faith and fair dealing. [*Id.* at 5–6]. Defendant answered Plaintiff's Complaint and asserted two counterclaims against Plaintiff: one for breach of contract and the other for unjust enrichment. [Doc. 12 at 7–8]. The Parties consented to the jurisdiction of a United States Magistrate Judge, *see* [Doc. 23], and the case was referred to the

Honorable Kristen L. Mix for all purposes pursuant to 28 U.S.C. § 636(c). [Doc. 25]. Judge Mix entered the Scheduling Order on September 29, 2022, and the case proceeded to discovery. [Doc. 28].

On March 13, 2023, Defendant moved to voluntarily dismiss its counterclaims, and Judge Mix granted that unopposed request. *See* [Doc. 32; Doc. 34]. That same day, counsel for Defendant filed a Motion for Leave to Withdraw as Counsel of Record for Defendant SF Construction, Inc. (the "Motion to Withdraw"). [Doc. 33]. The Motion to Withdraw gave notice to Defendant that Defendant cannot proceed in federal court without counsel and that any failure to obtain new counsel "may result in pleadings and papers being stricken, and default [judgment] or sanctions imposed by the Court." [*Id.* at 3]. The Motion to Withdraw indicates that it was served on Defendant via email. [*Id.* at 5]. Judge Mix granted counsel's Motion to Withdraw and ordered Defendant to obtain new counsel within 30 days, or by April 26, 2023. [Doc. 36 at 2].

Defendant did not obtain new counsel by the deadline, and Judge Mix subsequently issued an Order to Show Cause directing Defendant to show cause, no later than May 18, 2023, why she should not recommend that default and default judgment be entered against Defendant for failure to obtain counsel. [Doc. 37 at 3]. Defendant did not respond to the Order to Show Cause. As a result, Judge Mix entered her Recommendation recommending that default and default judgment be entered against Defendant as a sanction for failure to comply with a court order. [Doc. 38 at 2]. The Recommendation advised the Parties that they could object to the Recommendation within 14 days of service on the Parties. *See* [*id.* at 3]. No objections to the Recommendation were filed. Judge Mix also ordered that this case be reassigned to a district judge pursuant to Local Rule 40.1(a) and 40.1(c)(3)(a), [*id.*], and the case was reassigned to the undersigned.[1] [Doc. 39].

---

[1] Given the Parties' consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) [Doc. 20], and the referral of the action for all purposes by Chief Judge Philip A. Brimmer [Doc. 25], it

On August 1, 2023, this Court entered a Minute Order explaining that it was not clear to the Court whether Defendant had been served with a copy of Judge Mix's Order to Show Cause or Recommendation, either through its former counsel or by the Clerk of Court. *See* [Doc. 40]. The Court determined that, "in an abundance of caution," it was "appropriate to ensure that Defendant has received a copy of the relevant documents prior to issuing a ruling on the Recommendation." [*Id.* at 1–2]. Accordingly, the Court directed the Clerk of Court to send a copy of Judge Mix's Order granting the Motion to Withdraw, the Order to Show Cause, the Recommendation, and the Court's August 1, 2023 Minute Order to Defendant at Defendant's address listed in the Complaint. [*Id.* at 2]; *see also* [Doc. 41]. The Court also ordered the Clerk of Court to send a copy of the Court's Minute Order to Defendant's former counsel, and ordered former counsel that if they had provided Defendant a copy of any of the relevant orders, to file a notice informing the Court of such service no later than August 4, 2023. [Doc. 40 at 2]; *see also* [Doc. 42]. Former counsel did not file any such notice informing the Court that they had served the relevant documents on Defendant. Accordingly, the Court *sua sponte* extended Defendant's deadline to object to the Recommendation to August 15, 2023, reminding Defendant that it may not appear in federal court without an attorney. [Doc. 40 at 2]; *see also* [Doc. 43 (August 9, 2023 Minute Order acknowledging the extension of time)]. The Clerk of Court sent a copy of the Court's August 9, 2023 Minute Order to Defendant at its address listed in the Complaint. [Doc. 44]. Defendant has still not filed any objections to Judge Mix's Recommendation and has failed to otherwise appear, through counsel or otherwise, in this case. This Order follows.

---

is not clear to this Court that Judge Mix was required to proceed by Recommendation rather than by Order. *Cf. Tucker, Albin & Assocs., Inc. v. Hennessy*, No. 21-cv-00639-MEH, 2022 WL 1212782, at *3 (D. Colo. Feb. 18, 2022).

## LEGAL STANDARDS

**I.     Rule 72(b)**

Any party may object to a magistrate judge's recommendation on a dispositive issue within 14 days of being served with a copy of the recommendation. Fed. R. Civ. P. 72(b)(2). In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.

**II.    Default Judgment as a Sanction**

Rule 16 of the Federal Rules of Civil Procedure states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Available sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In addition, federal district courts "have broad inherent power to sanction misconduct and abuse of the judicial process," including the power to enter default judgment. *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("[F]ederal district courts have the inherent power to manage their

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

4

business 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).

"Default judgment is 'a harsh sanction that should be used only' if the failure to comply with court orders is the result of 'willfulness, bad faith, or any fault of the disobedient party' rather than inability to comply." *Klein*, 777 F.3d at 1147–48 (quoting *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013)). Before entering default judgment as a sanction, the Court must consider (1) "the degree of actual prejudice to the [opposing party]," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (considering these factors before entering dismissal as a sanction); *see also Cline v. Parker Indus., Inc.*, No. 2:21-cv-00635, 2023 WL 2574138, at *2 (D. Utah Mar. 20, 2023) (considering these factors before entering default judgment as a sanction).

**ANALYSIS**

"[A] workable system of justice requires that litigants not be free to appear at their pleasure," *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983), and "defendants cannot escape liability merely by refusing to participate" in a case. *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48–49 (D.D.C. 2009).

**I.    The Recommendation**

Judge Mix recommends that default and default judgment be entered against Defendant for failure to comply with her order to obtain new counsel to represent it in this case. [Doc. 38 at 3]. District courts in this Circuit have entered default judgment as a sanction against non-represented corporate defendants in this situation. *See, e.g.*, *W. Acceptance, LLC v. Gen. Agric., Inc.*, No. 20-

5

cv-00052-CMA-MDB, 2023 WL 4838839, at *4 (D. Colo. July 28, 2023); *Cline*, 2023 WL 2574138, at *2; *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, No. 13-cv-02471-PAB-CBS, 2015 WL 794328, at *11 (D. Colo. Feb. 4, 2015), *report and recommendation adopted*, 2015 WL 782722 (D. Colo. Feb. 24, 2015). But before entering default judgment as a sanction, the Court must consider the *Ehrenhaus* factors to determine whether default judgment is a justified and appropriate sanction. *Ehrenhaus*, 965 F.2d at 921.

**Prejudice to Plaintiff**. Because this matter is before the Court on the Recommendation and not on affirmative motion by Plaintiff, the Court's ability to fully ascertain the prejudice caused to Plaintiff by Defendant's noncompliance with Judge Mix's order is slightly hindered. The Court notes, however, that Plaintiff opposed the Motion to Withdraw on the basis that there was no indication that Defendant intended to hire new counsel and proceed with this case. [Doc. 35 at ¶¶ 2–3, 5]. Plaintiff represented in its opposition that Defendant had not yet responded to Plaintiff's first set of written discovery requests, which had been served in December 2022. [*Id.* at ¶ 5]. The Court assumes that, given former counsel's withdrawal, and based on Defendant's failure to retain new counsel, Defendant has still not responded to Plaintiff's discovery requests, prejudicing Plaintiff's ability to pursue its claims in this case. The discovery and dispositive motions deadlines set in the Scheduling Order have now passed, *see* [Doc. 28 at 8], and this case has seemingly been at a standstill since former counsel moved to withdraw in March. All plaintiffs have an interest in proceeding with their claims expeditiously, *see Duca v. Falcon Sch. Dist. 49*, No. 22-cv-00880-CMA-MDB, 2022 WL 4131435, at *2 (D. Colo. Sept. 12, 2022) (recognizing that "there is no question" that plaintiffs have an interest in proceeding expeditiously in their cases), and for this reason, the Court concludes that Defendant's failure to follow court orders has prejudiced Plaintiff, which weighs in favor of sanctioning Defendant. *MacAlmon Music*, 2015

WL 794328, at *11 ("Default judgment is an appropriate method for resolving litigation and protecting a diligent plaintiff 'when the adversary process has been halted because of an essentially unresponsive party.'" (quoting *Teamsters Local 639–Emps. Health Trust v. Boiler and Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 106 (D.D.C. 2008))).

***Interference With the Judicial Process***.  Defendant's failure to comply with court orders has interfered with the judicial process because it has required this Court and Judge Mix to both enter multiple judicial orders advising Defendant of its obligations in federal court and attempting to secure Defendant's compliance with those obligations.  *See* [Doc. 37; Doc. 38; Doc. 40; Doc. 43]; *see also Hall v. Wal-Mart*, No. 09-cv-01410-WYD-CBS, 2009 WL 6337957, at *3 (D. Colo. Dec. 18, 2009) (concluding that the plaintiff's "continuing noncompliance with the court's orders . . . increased the workload of the court and interfered with the administration of justice"), *report and recommendation adopted*, 2010 WL 1416785 (D. Colo. Apr. 7, 2010); *MacAlmon Music*, 2015 WL 794328, at *10 (finding that the defendant interfered with the judicial process where the defendant's noncompliance required the court to "spen[d] judicial resources on setting, resetting, and monitoring th[e] civil action, and issuing an Order to Show Cause").  "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice.'"  *EBI Sec. Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 648 (D. Colo. 2004) (quoting *Ehrenhaus*, 965 F.2d at 921).  This factor weighs in favor of sanctions.

***Culpability of Defendant***.  The Court finds that Defendant is culpable for its conduct in this case.  In the Motion to Withdraw, former counsel informed the Court that counsel had advised Defendant that (1) Defendant has the burden of complying with all court rules and orders; (2) these proceedings will not be delayed by withdrawal of counsel; (3) Defendant cannot appear in federal court without counsel; and (4) absent a prompt appearance of substitute counsel, Defendant may

7

be subject to sanctions, including default judgment. [Doc. 33 at 2–3]. The Motion to Withdraw was served on Defendant via email. [*Id.* at 5]. In addition, this Court ensured that the Clerk of Court sent a copy of Judge Mix's Order granting the Motion to Withdraw, the Order to Show Cause, the Recommendation, and the Court's August 1, 2023 and August 9, 2023 Minute Orders to Defendant at the address listed for Defendant in the Complaint. [Doc. 40 at 2–3; Doc. 43]. The Court did not receive any of this mail returned as undeliverable and can thus only assume that Defendant received a copy of all relevant documents.

However, despite this notice, Defendant has failed to comply with a court order and has failed to obtain counsel to represent it in federal court. Nor did Defendant at any point seek an extension of the deadline to obtain new counsel, to respond to Judge Mix's Order to Show Cause, to object to Judge Mix's Recommendation, or to otherwise inform the Court of any "inability to comply" with Judge Mix's orders. *Klein*, 777 F.3d at 1148. Defendant's culpability weighs in favor of sanctioning Defendant. *See MacAlmon Music*, 2015 WL 794328, at *10 (finding the defendant culpable where the defendant "disregarded the court's orders, the court's Local Rules, and the Federal Rules" and where the defendant "did not request any extension, demonstrate any need for an extension, or offer any acceptable explanation for its noncompliance" with court orders).

***Whether Defendant Was Warned of the Consequences of its Noncompliance***. Defendant has been warned on multiple occasions—by its former counsel, by Judge Mix, and by this Court—that its continued failure to comply with court orders and failure to retain new counsel may result in default judgment as a sanction against it. *See* [Doc. 33 at 3; Doc. 36 at 1; Doc. 37 at 3; Doc. 40 at 2]. Despite this repeated, clear warning, Defendant has failed to comply with the Local Rules

8

of Practice and Judge Mix's orders. This weighs in favor of entering default judgment against Defendant.

***Efficacy of Lesser Sanctions***. Finally, the Court must determine whether any lesser sanctions would be an effective sanction for Defendant's conduct. Critically, Defendant appears to have completely abandoned its defense against Plaintiff's claims in this case and there is no indication that Defendant intends to participate in this case going forward. The Court is thus not convinced that any lesser sanction would have any material effect on Defendant or on this litigation—the imposition of monetary sanctions, for example, would not resolve the issue of Defendant's non-appearance, and this litigation would remain stagnant, with no path forward to resolution. *See Tr. of Colo. Laborers' Health & Welfare Fund v. Adams Excavating, Inc.*, No. 05-cv-01695-MSK-MJW, 2008 WL 659646, at *2 (D. Colo. Mar. 6, 2008) ("Due to the inaction of the Defendant, the case is at a standstill, and no sanction short of a default would have any efficacy."); *Logisys, Inc. v. Williams*, No. 20-cv-00559-EFM, 2023 WL 2450176, at *3 (N.D. Okla. Feb. 16, 2023) ("[T]he basis for sanctions against Defendant is his unresponsiveness, which has effectively 'stayed' the proceedings thus far. Here, sanctions must serve to move this case along, not prolong it further."). Accordingly, the Court does not find that lesser sanctions would be effective in this case.

***Default Judgment is an Appropriate Sanction***. Weighing all of the *Ehrenhaus* factors, the Court concludes that entering default judgment against Defendant as a sanction for its failure to comply with court orders is justified. Accordingly, the Court **FINDS** that the entry of default judgment against Defendant as a sanction for its failure to comply with Judge Mix's order and continued failure to retain counsel in this case is appropriate and warranted.

However, the Court declines to adopt the Magistrate Judge's recommendation to direct the Clerk of the Court to enter a clerk's default against Defendant. Rule 55(a) contemplates the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). But here, Defendant filed an Answer and Counterclaim, *see* [Doc. 12], and defended against Plaintiff's claims for at least some portion of this litigation. Moreover, Rule 37 contemplates the entry of default *judgment* against a disobedient party, *not* the entry of default. Fed. R. Civ. P. 37(b)(2)(A)(vi). Accordingly, the Court cannot conclude that entry of default is appropriate or necessary in this instance. *See Cline*, 2023 WL 2574138, at *2 ("Because [the defendant] filed an answer and participated in earlier stages of the proceedings, the court declines to grant a default under Rule 55(a)."); *Colo. Satellite Broad., Inc. v. Ciphermax, Inc.*, No. 07-cv-01285-REB-MJW, 2008 WL 4080041, at *2 (D. Colo. Sept. 2, 2008) ("[B]ecause such judgment is issued pursuant to the authority of Rules 16(f) and 37(d), and not Rule 55, it is not necessary to direct an entry of default prior to the default judgment."); *Hart v. Connected Wireless, Inc.*, No. 2:17-CV-186 TS, 2018 WL 2723881, at *1 (D. Utah June 6, 2018).

## II.   Plaintiff's Motion

On September 7, 2023, Plaintiff filed a Motion for Entry of Default Judgment Against Defendant SF Construction, Inc. (the "Motion for Default Judgment"). [Doc. 45]. The Motion for Default Judgment acknowledges Judge Mix's pending Recommendation and this Court's pending review of the Recommendation, *see* [*id.* at ¶¶ 12–14], but nevertheless affirmatively requests default judgment be entered against Defendant as a sanction under Rules 16 and 37. [*Id.* at 1]. Plaintiff "seeks damages in the total amount of $732,939.66 resulting from . . . Defendant SFC's breaches," including itemized damages for, *inter alia*, construction costs, administrative and

10

"supervision" costs, "Overhead & Profit," interest, attorney's fees, and costs. [*Id.* at ¶ 15]. In support of its request for damages, Plaintiff submits copies of its requests for admissions that were served on Defendant but to which Defendant failed to respond. *See, e.g.*, [Doc. 45-2 at ¶ 13 ("Admit that you are obligated to pay Baxter $242,278.00 for the damages Baxter incurred to procure bulk lumber for Buildings A and B at the Project as a result of your material breaches of the Subcontract.")]. Plaintiff has also submitted affidavit from its controller attesting that it has "incurred the [referenced] expenses, all of which are recoverable against SFC under its subcontract with Baxter." [Doc. 45-3 at ¶ 5]. And finally, it has also submitted an affidavit from one of its attorneys stating that Plaintiff has incurred $35,790.00 in fees and $1,517.00 in costs in this matter. [Doc. 45-4 at ¶ 7].

In light of the Court's adoption in part of the Recommendation, the Court will **DENY** the Motion for Default Judgment. In addition, for the reasons set forth below, the Court respectfully concludes that the Motion for Default Judgment does not adequately demonstrate Plaintiff's entitlement to the relief that it currently seeks.

"A final default judgment cannot be entered against a party until the amount of damages has been ascertained." *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). "Actual proof must support any default judgment for money damages." *Signature Fin., LLC v. Denver Coach Charters LLC*, No. 21-cv-03098-WJM-SKC, 2023 WL 2479950, at *4 (D. Colo. Mar. 13, 2023) (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)). "In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is 'a liquidated sum or one capable of mathematical calculation.'" *Id.* (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

Under Rule 54 of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's Complaint does not request an award of a sum-certain amount; instead, Plaintiff seeks "[j]udgment against SF Construction, Inc. for Baxter's actual damage in the amount of at least $538,223, plus consequential, lost profits and other damages." [Doc. 1 at 6]. Given that Plaintiff's requested fee award exceeds the amount listed in the Complaint, the Court finds it appropriate to require Plaintiff to provide additional evidence and/or explanation supporting its position that the additional amounts constitute consequential damages or lost profits or otherwise do not exceed the bounds of Rule 54(c). The Court also notes that Plaintiff does not request pre-judgment interest, attorney's fees, or costs in its Complaint. *See* [*id.*]. It is unclear to the Court whether these damages may be included in the entry of default judgment under Rule 54(c). *See, e.g.*, *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (finding no error where the district court declined to award pre-judgment interest in entering default judgment where the plaintiff failed to expressly seek that relief in complaint, and concluding that catchall provision seeking "other and further relief" was insufficient to meet Rule 54 requirements).

In addition, the Court acknowledges that a request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Based on this Court's independent

12

research, although Defendant was represented at the time Plaintiff served its discovery requests, it is unclear whether Defendant's admissions in discovery are sufficient "[a]ctual proof" of the money damages requested by Plaintiff. *Denver Coach Charters*, 2023 WL 2479950, at *4. Accordingly, the Court finds it appropriate to require Plaintiff to provide legal authority in support of its position that the admissions are sufficient "proof" of its damages in this case. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to perform legal research or construct arguments for parties).

Finally, assuming that Plaintiff may seek attorney's fees in this case, the Court notes that while Plaintiff's counsel has submitted an affidavit in support of Plaintiff's request for attorney's fees, the affidavit does not contain "a detailed description of the services rendered, the amount of time spent, [and] the hourly rate charged" for all of the fees sought in this case, as required by the Local Rules. *See* D.C.COLO.LCivR 54.3(b)(2); *see also generally* [Doc. 45-4]. In addition, while the signatory counsel provides a brief description of his qualifications and experience, [Doc. 45-4 at ¶ 2], the affidavit does not contain this same information for his co-counsel. *See* [*id.* at ¶ 3]. Absent this information, the Court cannot determine whether the requested fees are reasonable. *See Sixta v. Bass Pro Outdoor World, LLC*, No. 17-cv-01517-LTB-SKC, 2019 WL 13202231, at *1 (D. Colo. Jan. 3, 2019) ("The party seeking fees bears the burden of establishing the number of hours expended and the hourly rate. . . . The movant should submit 'meticulous, contemporaneous time records' that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.") (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting

13

the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

For all of these reasons, the Court finds it appropriate to set this case for an evidentiary hearing, at which time Plaintiff may present evidence in support of its request for damages.  *Cf.* Fed. R. Civ. P. 55(b)(2)(B)–(C) (a court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages" or "establish the truth of any allegation by evidence."). Accordingly, the Court will defer entry of a final default judgment against Defendant pending Plaintiff's submission of evidence in support of its request for damages.

It is **ORDERED** that an evidentiary hearing is **SET** for **October 19, 2023 at 11:00 A.M.**, to be held in Courtroom A-502 before Judge Nina Y. Wang.  Plaintiff shall review the Court's required practices for evidentiary hearings located in its Standing Order Regarding Trial and Pre-Trial Procedures.  It is further **ORDERED** that Plaintiff **SHALL FILE** a brief, not to exceed 15 pages, setting forth its arguments and evidence in support of its damages request on or before **October 5, 2023**.  Should Plaintiff believe that an evidentiary hearing is not necessary under Tenth Circuit case law on the basis that Plaintiff seeks a sum certain or an amount capable of mathematical calculation, *see Hunt*, 770 F.2d at 148, it is **ORDERED** that Plaintiff shall file a motion to vacate the evidentiary hearing no later than **October 5, 2023**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Kristen L. Mix [Doc. 38] is **ADOPTED in part**;

(2) The Court **FINDS** that the entry of default judgment against Defendant as a sanction for its failure to comply with Judge Mix's order and continued failure to retain counsel in this case is appropriate and warranted;

(3) An evidentiary hearing is **SET** for **October 19, 2023 at 11:00 A.M.** for purposes of determining the appropriate award of damages in favor of Plaintiff and against Defendant;

(4) On or before **October 5, 2023**, Plaintiff **SHALL FILE** a brief, not to exceed 15 pages, setting forth its arguments and evidence in support of its damages request;

(5) Plaintiff Baxter Construction Company, LLC's Motion for Entry of Default Judgment Against Defendant SF Construction, Inc. [Doc. 45] is **DENIED**; and

(6) A copy of this Order shall be sent to:

SF Construction, Inc.
9390 S. Shadow Hill Circle
Lone Tree, CO 80214

DATED: September 8, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge