IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01117-NYW

BAXTER CONSTRUCTION COMPANY, LLC,

    Plaintiff,

v.

SF CONSTRUCTION, INC.,

    Defendant.

## ORDER GRANTING DEFAULT JUDGMENT

On September 8, 2023, this Court concluded that default judgment should enter against Defendant SF Construction, Inc. ("Defendant") as a sanction for its dilatory conduct in this case. *See* [Doc. 46]. However, the Court concluded that it could not enter default judgment due to a number of uncertainties with respect to Plaintiff's damages requests. [*Id.* at 10–14]. The Court permitted Plaintiff to file additional briefing in support of its requests, [*id.* at 14], and Plaintiff has since filed its Brief in Support of Damages (the "Brief in Support"), [Doc. 49].[1] The Court assesses the appropriate judgment below.

---

[1] The Brief in Support states that it incorporates Plaintiff's Motion for Default Judgment by reference under Rule 10(c). *See* [Doc. 49 at 1]. However, Rule 10 states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c) (emphasis added). Rule 7 lists the various forms of permissible pleadings, *see* Fed. R. Civ. P. 7(a), and a motion is not considered a pleading for these purposes. Nevertheless, for purposes of judicial economy, the Court will consider the contents of the Motion for Default Judgment where necessary to supplement the Brief in Support in entering default judgment in this case. Fed. R. Civ. P. 1.

**BACKGROUND**

This case arises out of a construction project and a related contract between Plaintiff Baxter Construction Company, LLC ("Plaintiff") and Defendant. *See generally* [Doc. 1]. Plaintiff initiated this civil action on May 5, 2022, asserting one claim of breach of contract and one claim of breach of the implied duty of good faith and fair dealing. [*Id.* at 5–6]. Defendant answered Plaintiff's Complaint and asserted two counterclaims against Plaintiff: one for breach of contract and the other for unjust enrichment. [Doc. 12 at 7–8].

On March 13, 2023, Defendant moved to voluntarily dismiss its counterclaims, and the Honorable Kristen L. Mix[2] granted that unopposed request. *See* [Doc. 32; Doc. 34]. Counsel for Defendant was also permitted to withdraw. *See* [Doc. 33; Doc. 36]. Judge Mix ordered Defendant to obtain new counsel within 30 days, [Doc. 36 at 2], but after Defendant failed to obtain new counsel, Judge Mix issued an Order to Show Cause directing Defendant to show cause, no later than May 18, 2023, why she should not recommend that default and default judgment be entered against Defendant for failure to obtain counsel. [Doc. 37 at 3]. Defendant did not respond to the Order to Show Cause. As a result, Judge Mix entered an Order and Recommendation of United States Magistrate Judge recommending that default and default judgment be entered against Defendant as a sanction for failure to comply with a court order. [Doc. 38 at 2]. Judge Mix also ordered that this case be reassigned to a district judge pursuant to Local Rule 40.1(a) and 40.1(c)(3)(a), [*id.* at 3], and the case was reassigned to the undersigned,

---

[2] This case was originally assigned and referred to Judge Mix pursuant to 28 U.S.C. § 636(c). *See* [Doc. 6; Doc. 23; Doc. 25].

2

[Doc. 39]. No Party objected to the Recommendation; however, while the Recommendation was still pending before this Court, Plaintiff filed a Motion for Entry of Default Judgment Against Defendant SF Construction, Inc. [Doc. 45].

On September 8, 2023, this Court adopted Judge Mix's Recommendation in part[3] and denied Plaintiff's Motion for Default Judgment. First, the Court found that default judgment was an appropriate sanction against Defendant under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). [Doc. 46 at 9]. The Court also explained that Plaintiff's Motion for Default Judgment did not adequately demonstrate Plaintiff's entitlement to the amount of damages it sought, [*id.* at 11–14], and in light of the Court's adoption of Judge Mix's recommendation to enter default judgment, the Court denied the Motion for Default Judgment, [*id.* at 11]. The Court permitted Plaintiff to file supplemental briefing setting forth its arguments and evidence in support of default judgment. [*Id.* at 15].[4] The Court now addresses Plaintiff's damages requests.

## ANALYSIS

The Court has subject matter jurisdiction over this case, [Doc. 1 at ¶¶ 1–3]; 28 U.S.C. § 1332(a)(1), and personal jurisdiction over Defendant, [Doc. 1 at ¶ 3; Doc. 12 at ¶ 3]; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)); *cf. also Parra v. Accurate Precision, LLC*, No. 22-cv-00085-

---

[3] The Court adopted the Recommendation to the extent it recommended that default judgment be entered against Defendant but did not adopt Judge Mix's recommendation that the Court enter default against Defendant, finding entry of default not necessary. *See* [Doc. 46 at 10].

[4] The Court also set an evidentiary hearing, *see* [Doc. 46 at 15], which the Court subsequently vacated upon motion from Plaintiff, *see* [Doc. 50; Doc. 51].

3

CMA-STV, 2022 WL 3280160, at *2 (D. Colo. Aug. 11, 2022) ("Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant."), and has concluded that default judgment should be entered against Defendant under Rule 37 and *Ehrenhaus*, [Doc. 46 at 9].

But before default judgment may be entered, the Court must ascertain the amount of damages incurred.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  "Actual proof must support any default judgment for money damages."  *Signature Fin., LLC v. Denver Coach Charters LLC*, No. 21-cv-03098-WJM-SKC, 2023 WL 2479950, at *4 (D. Colo. Mar. 13, 2023) (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)).  In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence."  *CamRanger, LLC v. Belser*, No. 15-cv-00619-PAB-CBS, 2015 WL 7774222, at *1 (D. Colo. Dec. 2, 2015) (quotation omitted); *see also Hermeris, Inc. v. McBrien*, No. 2:10-cv-02483-JAR-GLR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (quotation omitted)).

Plaintiff seeks default judgment in the amount of $656,087.65 in damages;[5] $39,545.01 in prejudgment interest; post-judgment interest at a rate of 8% per annum;

---

[5] The Brief in Support requests "default judgment . . . in the amount of $695,632.66," [Doc. 49 at 9], while the Motion for Default Judgment sought $656,087.65 in damages, [Doc. 45 at 6].  The Court believes Plaintiff came to the higher number by adding the originally requested $39,545.01 in pre-judgment interest to the originally requested $656,087.65 in damages.  The Court finds it more appropriate to assess the availability of pre-judgment interest separately from the damages calculation because pre-judgment interest is distinct from damages arising from liability (or default).  *See, e.g., Petrick v. Diaz-Sabas*, No. 16-cv-00182-REB-KLM, 2017 WL 4220406, at *2 (D. Colo. Aug. 2, 2017) ("Section 1961(a)

4

attorney's fees in the amount of $42,730.00; and costs in the amount of $1,517.00. [Doc. 49 at 9]; *see also* [Doc. 45 at 6–7].

### A. Damages

The Court finds that Plaintiff's requested damages are capable of mathematical calculation and supported by affidavits, such that no hearing is necessary. Indeed, Plaintiff has provided legal authority and argument supporting its position that Defendant's failure to respond to Plaintiff's requests for admission is suitable evidence of Plaintiff's damages, *see* [Doc. 49 at 4–7], and has also directed the Court to other evidence supporting its damages requests, *see* [*id.* at 6; Doc. 49-1; Doc. 45-3 at ¶ 5].

The requested damages award combines the following items:

- **$242,278.00** in bulk lumber;
- **$198,570.00** for costs of a "substitute framer";
- **$111,456.00** in other construction costs;
- **$18,207.00** in additional supervision and administrative costs; and
- **$85,576.65** in overhead and profit;
- For a total of **$656,087.65**.

[Doc. 45 at 6–7; Doc. 49 at 9; Doc. 45-2 at ¶¶ 13–14; Doc. 45-3 at ¶ 5]; *see also* [Doc. 45-3 at 14 § 14.1.4; *id.* at 17 § 17.2]. Michael Rashid, Plaintiff's Controller, has attested to these amounts based on his personal knowledge. *See* [Doc. 45-3 at ¶¶ 2, 5]. The Court finds that Plaintiff has adequately demonstrated its entitlement to the above

---

does not provide for an award of post-judgment interest based on pre-judgment interest which accrued prior to the entry of judgment.").

damages, and the Court will enter default judgment against Defendant in the amount of **$656,087.65**.

### B.     Prejudgment Interest

"[P]rejudgment interest is a matter in this Court's discretion." *Keybank Nat'l Ass'n v. Nw. Prof. Color, Inc.*, No. 15-cv-02180-WJM-CBS, 2016 WL 1446134, at *3 (D. Colo. Apr. 13, 2016). "It is well-established that a federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009) (quotation omitted). Colorado law authorizes a prejudgment interest rate of eight percent per annum, compounded annually. Colo. Rev. Stat. § 5-12-102(1)(b), (2). The statute permits a prevailing party to recover prejudgment interest from the date that money or property is "wrongfully withheld" or becomes "due." *Id.*

"[I]t is well settled that prejudgment interest is to be awarded under Colorado law in breach of contract . . . cases from the time the cause of action accrued," *Kwal Howells, Inc. v. ABC Dispensing Techs., Inc.*, No. 01-cv-02175-JLK-PAC, 2005 WL 1979393, at *2 (D. Colo. May 2, 2005), and "an action for breach of contract accrues when the breach and damages occur," *Bd. of Cnty. Comm'rs of Adams Cnty. v. City & Cnty. of Denver*, 40 P.3d 25, 35 (Colo. App. 2001).

Plaintiff seeks prejudgment interest at a rate of 8% per annum for a total amount of $39,545.01. [Doc. 45 at 7]; *cf.* [Doc. 49 at 9]. However, the exact date(s) from which Plaintiff calculates prejudgment interest to reach the requested figure is unclear. *Compare* [Doc. 45 at 6–7 ¶ 15 (requesting "Interest (8% annual) (dates: 11/28/2022 to 08/30/2023)")], *with* [*id.* at 7 ¶ 15 (requesting "interest at the statutory rate of eight percent

6

(8%) compounded annually . . . since the filing of this lawsuit on May 5, 2022 through August 30, 2023")]. Based on the Court's calculations, it appears that Plaintiff's figure comes from calculating interest based on the November 28, 2022 date. But Plaintiff does not provide a specific date it contends its causes of action accrued, *see generally* [Doc. 1; Doc. 45; Doc. 49], and the significance of the November 28, 2022 date is not readily apparent to this Court from the Complaint, the Motion for Default Judgment, the Brief in Support, or Plaintiff's Requests for Admission.

The Court respectfully declines to speculate as to the correct measure of prejudgment interest and will not at this time award prejudgment interest. *See Japan Bio Sci. Lab'y Co. v. N-ZymeCeuticals, Inc.*, No. 07-cv-02635-DME-MJW, 2009 WL 1117437, at *2 (D. Colo. Apr. 23, 2009) (denying award of prejudgment interest due to "a failure of proof, in the complaint, as to the exact date upon which the sum of $374,190.00 became due"). Plaintiff may file a motion to amend the judgment to include prejudgment interest, if appropriate; however, any such motion must clearly set forth, with citations to the record and legal authority, the exact amount of prejudgment interest Plaintiff believes it is entitled.[6]

C. **Post-Judgment Interest**

Plaintiff also seeks post-judgment interest "at a rate of eight Percent (8%)." [Doc. 49 at 9]. However, in diversity cases, post-judgment interest is set by federal law. *Moose Agric. LLC v. Layn USA, Inc.*, 639 F. Supp. 3d 1150, 1152 (D. Colo. 2022). 28 U.S.C. § 1961 states that "interest shall be calculated from the date of the entry of the judgment,

---

[6] If Plaintiff wishes to include the award of attorney's fees in the base amount from which prejudgment interest is calculated, it shall cite authority that permits it to do so.

at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment."  The applicable interest rate posted as of April 5, 2024, the week before judgment was entered, was 5.04%.  *See* FRED Economic Data, https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od= (follow "1-year" hyperlink under "U.S. government securities – Treasury constant maturities – Nominal" subsection).  Accordingly, the Court will award post-judgment interest in the amount of 5.04% per annum, calculated based on the damages award of $656,087.65.  *See Petrick v. Diaz-Sabas*, No. 16-cv-00182-REB-KLM, 2017 WL 4220406, at *2 (D. Colo. Aug. 2, 2017).

        D.      **Attorney's Fees**

"A determination of whether to award attorney fees begins with the American Rule, which precludes an award of attorney fees absent a specific contractual, statutory, or procedural rule providing otherwise."  *Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs. Inc.*, 22-cv-00763-PAB-SBP, 2024 WL 1141484, at *2 (D. Colo. Mar. 15, 2024) (citing *City of Aurora ex rel. Util. Enter. v. Colo. State Eng'r*, 105 P.3d 595, 618 (Colo. 2005)).  Here, the Parties' contract states that "[Plaintiff] shall be entitled to recover from [Defendant] all . . . reasonable attorney's fees associated with any action related to, or arising out of, this Agreement, [Defendant]'s Work, or [Defendant]'s noncompliance with, or breach of, this Agreement."  [Doc. 45-3 at 17 § 17.2].

If a party is entitled to fees, it must demonstrate the reasonableness of its fee request.  *See United States ex rel. Sun Constr. Co., Inc. v. Torix Gen. Contractors, LLC*, No. 07-cv-01355-LTB-MJW, 2011 WL 3648287, at *2 (D. Colo. Aug. 18, 2011) ("[W]hen

the contract specifies that the attorney fees must be reasonable, the burden remains with [the] party seeking the award of attorney fees to prove its reasonableness."). To determine whether the request is reasonable, the Court begins by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "The party requesting fees bears the burden of showing that the requested rates are in line with those prevailing in the community," *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1080 (D. Colo. 2015) (quotation omitted), and a party seeking fees must establish the reasonableness of each dollar and each hour for which the party seeks an award, *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). These same standards apply when a party requests fees for services performed by non-lawyers, such as paralegals. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("The court should scrutinize the [non-lawyer's] reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." (quotation omitted)).

Before turning to the reasonableness of the hourly rates and hours expended, the Court first notes that Plaintiff seeks $42,730.00 in attorney's fees. [Doc. 49 at 9]. Plaintiff's counsel's affidavit in support states that these fees were accrued "through October 5, 2023," the date the Brief in Support was filed, and that, "[o]f this amount, $35,575.00 has been billed, and $7,155.00 is unbilled." [Doc. 49-2 at ¶ 8]. The invoices

9

submitted alongside the request for attorney's fees reflect only those $35,575.00 in fees that have been billed to Plaintiff.  *See generally* [Doc. 49-3]; *see also* [*id.* at 71 (reflecting a billing summary "through August 31, 2023" (emphasis omitted))].  Plaintiff does not explain why it can recover attorney's fees for amounts not actually billed to Plaintiff or why such fees were not actually billed, *see generally* [Doc. 49], and a party seeking fees must establish the reasonableness of each hour for which fees are <u>billed</u>, *Jane L.*, 61 F.3d at 1510 (emphasis added).  Because Plaintiff has only submitted supporting information for $35,575.00 worth of billed fees, the Court limits its analysis to this portion of the requested fee award.

      Plaintiff seeks attorney's fees calculated at a rate of $350 per hour for attorney Daniel E. Evans; $300 per hour for attorney Melissa A. Wiese; $275 per hour for attorney William G. Dewey; and $150 per hour for unidentified paralegals.  [Doc. 49-2 at ¶ 7].  Mr. Evans states in his affidavit that "[t]he total amount of time billed" for this case was "roughly 150 hours," [*id.* at ¶ 8], and counsel has submitted firm invoices reflecting hours billed in this matter, *see generally* [Doc. 49-3], but counsel does not clearly delineate how many hours were spent on this matter by each biller.  Nevertheless, each of the billing entries indicates the timekeeper's initials, and the invoices contain a "Services Recap" that names the person associated with each set of initials, *see, e.g.*, [*id.* at 5], such that the Court is able to ascertain who billed what.

      The Court finds that the billing rates requested as to Mr. Evans, Ms. Wiese, and Mr. Dewey are reasonable as compared to other attorney billing rates approved in this District.  *See United States v. Intact Ins. Grp. USA, LLC*, No. 21-cv-03285-CMA-SKC, 2023 WL 2837340, at *5 (D. Colo. Apr. 7, 2023) (collecting cases).  However, the Local

Rules require a "summary of relevant qualifications and experience" for "each person for whom fees are claimed." D.C.COLO.LCivR 54.3(b) (emphasis added). While Plaintiff details the qualifications and experience of Mr. Evans, Ms. Wiese, and Mr. Dewey, *see* [Doc. 49-2 at ¶¶ 2–4], it does not do so for paralegal Derek Kirchmeier or attorney Andres Hermosillo, *see* [*id.*]. Accordingly, because the Brief in Support and accompanying affidavit do not provide this required information for these individuals, which precludes this Court's ability to ascertain the reasonableness of their hours billed, the Court declines to award any fees for hours billed by Mr. Kirchmeier or Mr. Hermosillo. Based on the invoices, the Court calculates that Mr. Hermosillo billed 3.1 hours total at a rate of $275 per hour, *see* [Doc. 49-3 at 22, 28], for a total of $852.50. In addition, Mr. Kirchmeier billed 47.6 hours at a rate of $150 per hour, *see* [*id.* at 5, 10, 15, 22, 28, 33, 38, 56, 60, 63], for a total of $7,140. The Court will reduce the fees awarded by these amounts. *See Peterson v. Pickering*, No. 22-cv-00320-WJM-KLM, 2023 WL 5153757, at *2 (D. Colo. July 18, 2023) (denying motion for attorney's fees as to paralegals because there was no information about the paralegals' qualifications).

In addition, the invoices reflect that 5.5 hours were billed at a rate of $150 per hour by an individual named Mark Wang, whose title is "Technical Services and Support." [Doc. 49-3 at 28, 38]. But Plaintiff does not mention Mr. Wang in the Brief in Support or in counsel's affidavit, and Plaintiff does not argue that technical support services are appropriately awarded pursuant to the Parties' contract. In addition, it is well-settled that administrative tasks performed by attorneys or others are generally not recoverable as attorney's fees. *See J & J Sports Prods., Inc. v. Rosales*, No. 07-cv-01110-RPM-MEH,

11

2008 WL 596104, at *7 (D. Colo. Jan. 30, 2008). Accordingly, the Court reduces the requested award by $825, the amount billed for technical services by Mr. Wang.

Finally, the Court has reviewed the submitted billing entries from Mr. Evans, Ms. Wiese, and Mr. Dewey and finds that, generally speaking, the hours expended on this litigation are reasonable. The hours reflect preparation of this case prior to its filing in May 2022, as well as time spent litigating this matter prior to Defendant's failure to appear. However, some of the entries appear to be clerical or administrative tasks that "d[o] not call upon [counsel's] legal knowledge or expertise" and that are not billable at an attorney's hourly rate. *See Arend v. Paez*, No. 12-cv-01270-DDD-SKC, 2019 WL 2726231, at *5 (D. Colo. July 1, 2019). Specifically, on May 4, 2022, Mr. Evans billed .8 hours for "[c]all to court regarding certificate of release, . . . emails to client regarding same, work on civil cover sheet, discuss lawsuit with Melissa Weise [sic], and phone call with court's clerk," and another .8 hours for "[e]valuate bond issue and email client regarding same, discuss lawsuit with Melissa Weise [sic], and phone calls with court's clerk regarding the certificate of release of lien." [Doc. 49-3 at 13]. He similarly billed .2 hours on May 12, 2022 for "[p]hone calls with clerk of court regarding certificate of release." [*Id.* at 14]. The Court cannot conclude from the invoices that the calls to a clerk's office called upon Mr. Evans's legal expertise, and so the Court will reduce Plaintiff's fee award accordingly by $630. *See Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (a district court may discount attorney's fees if block billing precludes it from determining how to adequately account for time); *see also Mortland v. RLJ II-C Longmont, LLC*, No. 14-cv-03338-NYW, 2015 WL 6751119, at *2 (D. Colo. Nov. 5, 2015) (this Court reducing fee award for entries where the plaintiff had not "carr[ied]

his burden to provide the information necessary to sufficiently separate the time spent"). The Court will also reduce the fee award by an additional $30 to account for a redacted time entry from Ms. Wiese dated August 5, 2022, *see* [Doc. 49-3 at 32], which Plaintiff acknowledges was an entry "inadvertently billed to the wrong matter" that should not be claimed in the requested fee award, *see* [Doc. 49 at 8 n.2], but which, based on the Court's calculations, was not deducted from Plaintiff's fee request.[7]  After the Court's reductions, the Court finds that Plaintiff is entitled to an award of **$26,097.50** in reasonable attorney's fees.

### E.   Costs

Finally, Plaintiff seeks costs.  [*Id.* at 9].  An award of costs is not contemplated by the contract.  *See* [Doc. 45-3 at 14 § 14.1.14].  Nevertheless, Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Courts in this District are in agreement that a plaintiff that secures a default judgment is a prevailing party.  *See, e.g.*, *AMEC Earth & Env't, Inc. v. SolSource Energy Sols., LLC*, No. 11-cv-00135-PAB-KLM, 2012 WL 3757479, at *2 n.2 (D. Colo. Aug. 27, 2012); *4221 Monoco St., L.L.L.P. v. Frankle*, No. 22-cv-01813-RM-KLM, 2022 WL 16635396, at *5 (D. Colo. Nov. 2, 2022).  Thus, the Court concludes that Plaintiff is entitled to its costs. However, in this District, costs are taxed by the Clerk of Court, and Plaintiff must comply

---

[7] Plaintiff also acknowledges that entries dated September 2 and 20, 2022 were billed to the wrong matter number, [Doc. 49 at 8 n.2], but Plaintiff did not deduct for those fees. However, these entries are attributable to Mr. Kirchmeier, and the Court has already deducted those entries from the requested fee award.  No additional deduction is necessary.

with this District's standard procedures for filing a bill of costs to obtain an award of costs. *See* D.C.COLO.LCivR 54.1.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Final judgment **SHALL ENTER** in favor of Plaintiff Baxter Construction Company, LLC and against Defendant SF Construction, Inc. in the amount of **$656,087.65**;

(2) Post-judgment interest shall accrue on the award of **$656,087.65** at a rate of 5.04%, as calculated pursuant to 28 U.S.C. § 1961, from the date of entry of final judgment;

(3) Plaintiff is **AWARDED $26,097.50** in reasonable attorney's fees;

(4) Plaintiff is **AWARDED** its costs pursuant to Federal Rule 54(d) and Local Rule 54.1;

(5) The Clerk of Court is directed to close this case; and

(6) A copy of this Order and the final judgment shall be sent to:

SF Construction, Inc.
9390 S. Shadow Hill Circle
Lone Tree, CO 80214

DATED:  April 9, 2024                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge